J-S60012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD WILLIAMS, | |
| Appellant | No. 1812 WDA 2016 |

Appeal from the PCRA Order November 8, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013431-1998
and CP-02-CR-0014585-1998

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                  **FILED OCTOBER 12, 2017**

Appellant, Ronald Williams, appeals *pro se* from the order entered on November 8, 2016, dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has summarized the underlying facts of this case:

> During the early morning hours of October 4, 1998, Appellant, Raj Edge, John Johnson, and Donald Thomas were at Johnson's apartment when Johnson informed the other individuals of a burglary which had occurred at the residence he shared with his girlfriend, Ebony Jordan. Jason Faulk, the murder victim, was identified by Johnson as one of the perpetrators of the burglary.  The four men agreed to kill Faulk in retaliation for the burglary.
>
> Upon leaving the apartment, the four men encountered Faulk.  A verbal exchange between Johnson and Faulk culminated with Johnson, Edge, Thomas[,] and Appellant shooting Faulk to death.  Appellant fired two shots during the execution.

*Former Justice specially assigned to the Superior Court.

The group then ran back to the front of Johnson's apartment building. Edge and Thomas gave Johnson their handguns, but Appellant retained the chrome firearm he claims he used to shoot Faulk. Appellant, Edge[,] and Thomas then fled the scene in a vehicle driven by Thomas.

Jackie Green, a woman who lived directly across from the crime scene, witnessed the shooting. She recognized Johnson and observed him run into his apartment building. Ms. Green [telephoned] 911 and directed the police to Johnson's apartment. During the search, a number of firearms were recovered under a mattress upon which Ms. Jordan's children were sleeping.

During the course of the investigation, Appellant was identified as a suspect in the killing of Faulk and was questioned. After being properly informed of his rights, Appellant admitted to his participation in the incident. Thereafter[,] a chrome-plated firearm was recovered from his residence.

A jury trial commenced on July 25, 2001, and Appellant was convicted of first degree murder, criminal conspiracy, and a violation of the Uniform Firearms Act.[1] [On October 17, 2001, the trial court sentenced Appellant] to the mandatory life term of imprisonment for first degree murder, ten to [20] years' imprisonment for criminal conspiracy[,] and three and one-half to seven years' imprisonment on the firearms violation. The sentences on the criminal conspiracy and firearm violation convictions were set to run consecutively to each other and also consecutively to the life sentence.

*Commonwealth v. Williams*, 849 A.2d 611 (Pa. Super. 2004)

(unpublished memorandum) at 1-3, *appeal denied*, 868 A.2d 1200 (Pa.

2005).

---

[1] 18 Pa.C.S.A. §§ 2502(a), 903, and 6106, respectively.

On February 4, 2004, this Court affirmed Appellant's judgment of sentence. *Id.* at 1-7. On October 8, 2004, Appellant filed an untimely petition for allowance of appeal to the Pennsylvania Supreme Court. The Supreme Court denied Appellant's petition for allowance of appeal on February 18, 2005.

As this Court explained:

> On October 17, 2005, [Appellant] filed his first PCRA petition, *pro se*. Counsel was appointed and an amended petition was filed. Among the issues raised was a complaint that [Appellant] had not been accorded counsel on direct appeal when he petitioned the [Pennsylvania Supreme Court] for allowance of appeal. On May 5, 2008, the PCRA court granted relief permitting [Appellant] to again file a petition for allowance of appeal.[2] The petition was subsequently filed on May 30, 2008, and was denied by the [Supreme Court] on November 17, 2008. [**Commonwealth v. Williams**, 960 A.2d 840 (Pa. 2008)].
>
> On March 3, 2009, [Appellant] filed [what was technically his first PCRA petition].[fn.1] . . . [O]n July 23, 2009, the [PCRA] court appointed counsel for [Appellant]. . . . On April 16, 2010, the PCRA court dismissed [Appellant's] petition.
>
> > [fn.1] "When a petitioner is granted a direct appeal *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition is considered a first PCRA petition for timeliness purposes." **Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003).

---

[2] The PCRA court's May 5, 2008 order is not contained in the certified record.

- 3 -

***Commonwealth v. Williams***, 53 A.3d 929 (Pa. Super. 2012) (unpublished memorandum) at 2-3.

On June 12, 2012, this Court affirmed the PCRA court's order, dismissing Appellant's first PCRA petition. ***Id.*** Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed a second PCRA petition on August 9, 2012. ***See*** Appellant's Second PCRA Petition, 8/9/12, at 1-5. Within the petition, Appellant relied upon ***Miller v. Alabama***, wherein the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 2460 (2012). Appellant claimed that his mandatory sentence of life in prison without the possibility of parole was unconstitutional under the Eighth Amendment to the United States Constitution, as interpreted by ***Miller***. The PCRA court dismissed Appellant's untimely, serial PCRA petition on October 2, 2012 and Appellant did not file an appeal from the PCRA court's order.[3] PCRA Court Order, 10/2/12, at 1.

On April 5, 2016, Appellant filed the current, *pro se* PCRA petition. The filing constitutes Appellant's third petition under the PCRA. Within the

---

[3] Appellant was 29 years old at the time of the offense. ***See*** Appellant's Second PCRA Petition, 8/9/12, at 4.

petition, Appellant acknowledged that his petition was facially untimely under the PCRA. *See* Appellant's Third PCRA Petition, 4/5/16, at 2. However, Appellant claimed his petition was timely under the "newly-discovered facts" exception to the PCRA's one-year time-bar. Appellant wrote:

> [City of Pittsburgh Police] Detective Dennis Logan and his partner Richard McDonald [were] . . . the lynchpin of the Commonwealth's case against [Appellant].
>
> . . .
>
> [During Appellant's trial,] Detectives Logan and McDonald testified that upon [Appellant's] arrest, Detective Logan interviewed [Appellant]. The detective stated that after giving [Appellant] pre-interrogation warnings, [Appellant] voluntarily waived his rights and confessed his involvement in the crime. When asked specifically if [Appellant] was told that he was free to leave the detective answered in the affirmative.
>
> In contrast, [Appellant] steadfastly maintained he was never informed of his right to remain silent nor did he review the document that he allegedly signed.
>
> In an effort to advance the defense, trial counsel attempted to impeach Detective Logan's credibility on cross-examination. Unfortunately, counsel's attempts to discredit the detective proved futile. This [is] because counsel was unarmed with any information remotely suggesting that the detective had less than a stellar character.

Appellant's Third PCRA Petition, 4/5/16, at 2 and 10-11 (internal citations and some internal capitalization omitted).

However, Appellant claimed, in February 2016, a fellow inmate named Pierre Pinson spoke with Appellant and "informed [him] that Detective Logan

- 5 -

had fabricated evidence at [Mr. Pinson's] trial and that [Mr. Pinson] had 'finally' received evidence that substantiated [Detective Logan's] history, pattern, and practice of Constitutional violations against criminal suspects during interrogation." Affidavit of Pierre Pinson, 3/16/16, at Appellant's Exhibit "A". Mr. Pinson then supplied Appellant with documents that were filed in the civil case of *Manns v. City of Pittsburgh, et al.* and *Manns v. McDonald, et al.*, as well as documents filed in the Office of Municipal Investigation (hereinafter "OMI"). *See id.*

With respect to the civil case file, on March 13, 2000, an individual named Clyde Manns filed a civil complaint, in the Court of Common Pleas of Allegheny County, against individuals that included Detectives Logan and McDonald. Within the complaint, Clyde Manns claimed that Detectives Logan and McDonald engaged in coercive interrogation techniques against him. *See* Complaint in *Manns v. City of Pittsburgh, et al.*, dated 5/1/00, at Appellant's Exhibit "B". Moreover, on June 27, 2002, a federal jury reached a verdict in the case, finding that Detectives Logan and McDonald violated Clyde Manns' "right to be free from an unlawful arrest" and awarding Clyde Manns $2,000.00 in compensatory damages and $23,000.00 in punitive damages. *See* Verdict Form in *Manns v. McDonald, et al.*, dated 6/27/02, at Appellant's Exhibit "G".

Further, the OMI report is dated October 26, 1999, and lists a series of complaints against Detectives Logan and McDonald. *See* OMI Report, dated 10/26/99, at Appellant's Exhibits "E" and "F".

According to Appellant, even though the allegations against Detectives Logan and McDonald were matters of public record, he did not know of the allegations and he could not have learned of the allegations earlier because he is a *pro se* incarcerated petitioner. Appellant's Third PCRA Petition, 4/5/16, at 3. Therefore, Appellant claimed, his petition is timely under the newly-discovered facts exception to the PCRA's one-year time-bar. ***Id.***

On April 13, 2016, the PCRA court provided Appellant notice that it intended to dismiss his PCRA petition in 30 days, without holding a hearing, as the petition was untimely. PCRA Court Order, 4/13/16, at 1; ***see also*** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on November 8, 2016 and Appellant filed a timely notice of appeal to this Court. PCRA Court Order, 11/8/16, at 1.

Appellant raises two claims on appeal:

> [1.] Do the facts upon which Appellant's claims are predicated adhere to the plain language of 42 Pa.C.S.A. § 9545(b)(1)(ii)?
>
> [2.] Was Appellant's right to due process violated when the prosecutor violated the ***Brady v. Maryland*** mandates?

Appellant's Brief at viii.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

**Commonwealth v. Lawson**, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

On May 5, 2008, the PCRA court restored Appellant's right to file a petition for allowance of appeal to the Pennsylvania Supreme Court *nunc pro tunc* and, on November 17, 2008, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Therefore, Appellant's judgment of sentence became final at the end of the day on Tuesday, February 17, 2009, which was 90 computable days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion

of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* U.S.Sup.Ct.R. 13.1; 1 Pa.C.S.A. § 1908 (computation of time). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until February 17, 2010 to file a timely PCRA petition.

Appellant filed his current petition on April 5, 2016. Thus, the current petition is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant claims to invoke the "newly-discovered facts" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[]
>
> . . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court has explained:

subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the **facts** upon which the claim was predicated were **unknown**" and (2) "could not have been ascertained by the exercise of **due diligence**." 42 Pa.C.S. § 9545(b)(1)(ii)(emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Further, to properly invoke the newly-discovered facts exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b). As our Supreme Court has explained, to satisfy this "60-day requirement," a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the requirement is "strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

- 10 -

In the case at bar, Appellant has not pleaded why he or his prior counsel could not have discovered the evidence against Detectives Logan and McDonald earlier, with the exercise of due diligence. To be sure, Appellant acknowledges that the OMI reports and the entries and documents in *Manns v. City of Pittsburgh, et al.* and *Manns v. McDonald, et al.*, were matters of public record. Appellant's Third PCRA Petition, 4/5/16, at 3. Moreover, the OMI reports were issued on October 26, 1999 and the complaint in *Manns v. City of Pittsburgh, et al.*, was filed in the Allegheny County Court of Common Pleas on March 13, 2000 – when counsel represented Appellant for the jury trial – and the verdict in *Manns v. McDonald, et al.*, was rendered in the United States District Court for the Western District of Pennsylvania on June 27, 2002 – when counsel represented Appellant for his direct appeal.

Within Appellant's PCRA petition, Appellant has simply not pleaded why either he or his multiple prior counsel did not discover the cited facts earlier or why he or his multiple prior counsel could not have discovered the facts earlier with the exercise of due diligence. *See* Appellant's Third PCRA Petition, 4/5/16, at 1-18. Therefore, Appellant has failed to plead the newly-discovered fact exception to the PCRA's time-bar. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests. A

petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced").[4]

Thus, Appellant failed to properly plead any exception to the PCRA's one-year time-bar. As such, our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516,

---

[4] The Pennsylvania Supreme Court has held that "matters of public record are not unknown." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248-1249; *see also Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006). Thus, our Supreme Court has held, a petitioner cannot succeed on a "newly-discovered facts" claim, where he relies upon cases and legal documents that "were docketed, filed with the clerk of court, and readily available." *Taylor*, 67 A.3d at 1249. However, in *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), our Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." *Burton*, 158 A.3d at 638 (emphasis omitted).

Nevertheless, the rule announced in *Burton* does not do away with the statutory requirement that a PCRA petitioner "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Stokes*, 959 A.2d at 310-311; *see also Burton*, 158 A.3d at 628 ("subsection (b)(1)(ii) **has two components, which must be alleged and proved**. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were unknown" **and** (2) ["]could not have been ascertained by the exercise of **due diligence**." 42 Pa.C.S. § 9545(b)(1)(ii)[]. If the petitioner **alleges and proves these two components**, then the PCRA court has jurisdiction over the claim under this subsection") (emphasis omitted) (internal emphasis added). In the case at bar, Appellant failed to plead his or his prior counsels' due diligence. Therefore, neither this Court nor the PCRA court has jurisdiction over the claim.

523 (Pa. Super. 2011).  We thus affirm the PCRA court's order dismissing Appellant's third PCRA petition without a hearing.[5]

Order affirmed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/12/2017

---

[5] The PCRA court dismissed Appellant's third PCRA petition on November 8, 2016, on the ground that it was untimely.  PCRA Court Order, 11/8/16, at 1. Appellant then filed a notice of appeal.  On May 16, 2017, the PCRA court issued its Rule 1925(a) opinion and, within its opinion, the PCRA court (apparently) analyzed Appellant's prior PCRA petition:  it declared that Appellant's petition was untimely because it was filed beyond the PCRA's one-year time-bar and Appellant is not entitled to relief under **Miller v. Alabama**.  **See** PCRA Court Opinion, 5/16/17, at 1-7.

Appellant raised his **Miller** claim in his second PCRA petition – not in his current petition.  Nevertheless, given the time that elapsed between the PCRA court's order and its opinion, we recognize that such a mistake could occur in the drafting of the opinion.  Further, "this Court is not bound by the rationale of the [PCRA] court, and [we] may affirm on any basis." **Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012) (internal quotations, citations, corrections, and some internal capitalization omitted). Therefore, since Appellant's PCRA petition is patently untimely and since Appellant has failed to plead his or his prior counsels' due diligence in obtaining the facts he now relies upon, neither this Court nor the PCRA court has jurisdiction to grant Appellant relief.  **See Jackson**, 30 A.3d at 523.